IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:17-CV-00553-FDW-DCK *SEALED*

| | |
|---|---|
| INTEGRA MED ANALYTICS, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MURPHY MEDICAL CENTER, INC., ) <br> CHARLOTTE-MECKLENBURG ) <br> HOSPITAL AUTHORITY, INC., ) <br> BLUERIDGE HEALTHCARE ) <br> HOSPITALS, INC., ) <br> CAROLINAS ANSON HEALTHCARE, ) <br> INC., ) <br> SCOTLAND MEMORIAL HOSPITAL, ) <br> INC., ) <br> MERCY HOSPITAL, INC., ) <br> WRMC HOSPITAL OPERATING CORP., ) <br> MOSES H. CONE MEMORIAL ) <br> HOSPITAL OPERATING CORP., ) <br> MOSES H. CONE MEMORIAL ) <br> HOSPITAL, ) <br> ) <br> Defendants. ) <br> ) | ORDER |

THIS MATTER is before the Court on Plaintiff's "Notice of Voluntary Dismissal of False Claims Act Claim Without Prejudice and Unopposed Motion to Seal Portions of Original Complaint." (Doc. No. 13). For the reasons stated below, this action will be DISMISSED and Plaintiff's Motion to Seal will be GRANTED.

*A. Dismissal of the Case*

This case was brought as a *qui tam* action under the False Claims Act. (Doc. No. 2). Pursuant to 31 U.S.C. § 3730(b)(1), a private party may bring a civil action under the False Claims Act on behalf of the United States Government. 31 U.S.C. § 3730(b)(1) (2018). Once such a claim

is brought, "the action may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting." Id.; see also United States v. King Pharm., 806 F. Supp. 2d 833, 844 (D. Md. 2011) (stating that notices of voluntary dismissals of *qui tam* actions are not self executing). In the present action, parties have consented to voluntary dismissal, (see generally Doc. Nos. 13, 15); thus, the Court hereby dismisses the *qui tam* action without prejudice.

*B. Motions to Seal*

Plaintiff has also made a motion to keep portions of the case permanently under seal. In evaluating motions to seal or unseal, the Fourth Circuit has stated that "the presumption in favor of public disclosure of court records can only be overcome by a significant countervailing interest." Under Seal v. Under Seal, 326 F.3d 479, 486 (4th Cir. 2003).

Here, Plaintiff contends that because the Complaint has information about Medicare claims, beneficiary numbers, claim identification numbers, age, race, gender, place of treatment, and patient diagnoses, it may be possible to use information in the Complaint to identify specific patients. (Doc. No. 13, p. 3). To balance the public's right to review documents with patients' privacy interests, Plaintiff seeks to substitute the Complaint with a redacted version. The Court finds Plaintiff's arguments persuasive and hereby unseals the case in its entirety with the exception of the proposed redactions to the complaint.[1] See United States., ex rel. Rostholder v. Omnicare, Inc., 799 F. Supp. 2d 547, 549 (D. Md. 2011) (stating that courts have prevented the disclosure of sensitive information which could injure non-parties to the action); see also Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1138 (9th Cir. 2003) (ordering the redaction of identifying information from third party medical records).

---

[1] The Court notes that the Government does not oppose such redactions. (See Doc. No. 15, p. 1).

The Government has further requested that its applications for extensions of time remain under seal because the filings were presented "for the sole purpose of evaluating whether the seal and time for making an election to intervene should be extended." (Doc. No. 15, p. 2). This request was not made in a separately captioned motion, but rather in the Government's "Consent to Voluntary Dismissal." Id. In a written order dated May 3, 2019, the Court noted that the Government's request was not properly before the Court as a separate motion to seal with supporting statutes, caselaw, or other authority. (Doc. No. 16, p. 1). In this order, the Court gave the Government fourteen days to make a formal motion for sealing in conformity with the Local Rules and the Court's Standing Orders. (Doc. No. 16, p. 2). No subsequent motion was made. Therefore, the Court does not find a basis to maintain a seal on any additional documents.

## Conclusion

For the reasons stated above, this case is hereby DISMISSED WITHOUT PREJUDICE. Plaintiff's Motion to Seal the Case, (Doc. No 13), is GRANTED and the Court hereby ORDERS that the case be unsealed in its entirety, with the exception that Plaintiff's complaint, (Doc. No. 2), will be replaced with a redacted version, (Doc. No. 13-1), pursuant to Rule 5.2(d) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Signed: June 11, 2019

Frank D. Whitney
Chief United States District Judge